## Case No. 2,961.

In re COHEN.

[19 N. B. R. 133.][1]

District Court, S. D. New York. Feb. 5, 1879.

BANKRUPTCY — ENJOINING PROCEEDINGS IN STATE COURT.

1. An action of claim and delivery of goods and chattels under the New York Code, brought against a bankrupt, must be stayed pending the question of his discharge so far as the action is one for the recovery of a money judgment for the value of the goods.

2. One W., in 1876, sold certain goods to the bankrupt, and in 1878 commenced an action of claim and delivery against him to recover the goods or their value. Upon the certificate of the sheriff that the goods had been concealed, removed, or disposed of, and upon affidavits setting forth that defendant had obtained the goods on credit by means of false representations as to his pecuniary circumstances and condition, and that said representations were made with intent to obtain the goods thereby, and not to pay therefor, an order of arrest was granted. The bankrupt, who had been adjudicated prior to the commencement of the action, thereupon procured an order staying proceedings under the order of arrest and all proceedings in the action for the recovery of a money judgment for the value of the goods. On motion to vacate this order, held, that the stay was properly granted.

In bankruptcy.

[1] [Reprinted by permission.]

A. J. Simpson, for plaintiff.
D. Leventritt, for bankrupt.

CHOATE, District Judge. This is a motion to vacate an order staying the proceedings of one Werner in an action against the bankrupt. The petition in bankruptcy was filed December 21, 1876, and the bankrupt was adjudicated September 12, 1878. In November, 1878, Werner commenced against the bankrupt an action of claim and delivery, as it is called by the New York Code, ostensibly, and so far as appears by the complaint, to recover certain goods and chattels. It is the substitute for the action of replevin. In this action, if it appears by the certificate of the sheriff that the goods sought to be replevied have been eloigned, concealed, removed, or disposed of, so that he cannot take the same, the plaintiff can proceed with his action and recover a money judgment for their value. And upon proof by affidavit of these facts, and that such concealment or disposition of the goods was with intent that they should not be found or taken, or to deprive the plaintiff of the benefit thereof, he can procure an order of arrest against the defendant, and he will be held to bail, the condition of the bail bond being "that the defendant will deliver the goods to the plaintiff, if delivery thereof is adjudged in the action, and will pay any sum recovered against him in the action." Code Civ. Proc. § 575. The sheriff having made the necessary certificate, the plaintiff procured the order of arrest, and at this stage of the case the bankrupt obtained the order of this court staying proceedings under the order of arrest and all proceedings in the action for the recovery of a money judgment for the value of the goods. The affidavits on which the order of arrest was procured are to the effect that in September, 1876, the defendant, to induce the plaintiff to sell and deliver to him on credit the goods in question, falsely represented to the plaintiff his pecuniary circumstances and condition, and thereby induced the plaintiff to part with the goods, and that these false representations were made with intent on defendant's part to obtain the goods thereby and not to pay therefor.

It is now insisted on the part of the plaintiff that this court has no power to grant a stay of a suit of replevin or of any proceedings or remedies given to the plaintiff therein. It is obvious, however, that this particular form of action is in reality a proceeding to obtain alternative judgments or relief; first, if the goods are found, the goods themselves; and, secondly, if they can not be found, in which case the action of replevin, strictly speaking, must utterly fail. a money judgment for their value. It is the combination in a single action of an action of re-plevin and an action of trover, and the arrest is clearly given as a provisional remedy in aid of this proceeding to recover the value of the goods alleged to have been disposed of. A claim for the conversion of goods and chattels is expressly enumerated among the debts that may be proved against the bankrupt (section 5067), and suits to recover all provable debts are by section 5106 to be stayed pending the question of the bankrupt's discharge. Even in such a debt was created by fraud and will not be discharged, proceedings therein, including arrest on mesne process, will be stayed pending the question of the bankrupt's discharge. In re Rosenberg [Case No. 12,054]; In re Schwartz [Id. 12,502]. Therefore, so far as the action is an action for conversion it must be stayed. The bankrupt law deals with proceedings against bankrupts, not according to their form merely, but according to their real character. In re Schwartz, supra. Otherwise, by ingenuity in framing a complaint, or by legislation as to the form of actions, the obvious purposes of the bankrupt law could be defeated. To allow the action to go on would be to allow the bankrupt, pending the question of his discharge, to be sued for the recovery of a provable debt, and to permit one creditor to have an advantage over all others by forcing the bankrupt to give him security for his claim. The stay was properly granted. In this particular case it is very plain that the form of action was adopted in order to avoid the difficulties which the bankrupt law interposes to the plaintiff's proceeding in any other form of action for the value of the goods. Two years and a half after selling goods to the bankrupt the vendor claims the right to disaffirm the sale and rescind the contract for fraud on the part of the bankrupt. The goods were merchantable articles, evidently, from their description, sold to the bankrupt to be sold again by him in his business. It is too plain that the form of action for replevin is resorted to thus after the bankruptcy, not with the expectation of replevying the goods, but for the alternative remedy for their value which that form of action permits, and upon the theory that, actions of replevin not being enumerated among those that may be stayed, any remedy given in such form of action is saved to the creditor. While it is hardly possible that it can be seriously claimed that the right to avoid a sale and delivery for fraud can survive after so long a time, yet so far as this action is prosecuted against the bankrupt strictly as an action of replevin, it is not interfered with by the stay, and this is all that the creditor is entitled to ask of this court.